**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne Reed, | No. CV-20-00061-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Cognizant Technology Solutions, | |
| Defendant. | |

Pending before the Court is Defendant Cognizant Technology Solutions' Motion to Dismiss Plaintiff Yvonne Reed's First Amended Complaint. (Docs. 8, 13, 14.) Instead of responding, Ms. Reed filed a letter requesting that the Court alter when she filed her initial complaint from January 9, 2020 to December 8, 2019, to which Cognizant responded. (Docs. 16, 17.) After considering the pleadings, Ms. Reed's motion will be denied, and Cognizant's will be granted.

**I.    BACKGROUND**

Ms. Reed is a former employee of Cognizant Technology Solutions ("Cognizant") who was terminated on February 10, 2017. (Doc. 7 at 4.) After being fired, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that Cognizant discriminated against her based on race, color, national origin and retaliation.[1]

---

[1] Although the Court must ordinarily rely on the pleadings in resolving a Rule 12(b)(6) motion to dismiss, it may nevertheless "consider certain [other] materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Here, the Court will take

(Doc. 13-1 at 3.) Since the EEOC was "unable to conclude that the information obtained establishes [Ms. Reed's] violations," it dismissed her complaint and issued her a right-to-sue letter on September 10, 2019. (*Id.* at 2.) The letter informed her that "[she] may file a lawsuit against [Cognizant] under federal law based on this charge in federal or state court," but also stated that "[her] lawsuit **must be filed <u>WITHIN 90 DAYS</u> of [her] receipt of this notice**; or [her] right to sue based on this charge will be lost." (*Id.* (emphasis in original)). On January 9, 2020, one-hundred-and-twenty-one days after the EEOC issued the right-to-sue letter, Ms. Reed filed her complaint in this Court, and amended it thirteen days later. (Docs. 1, 7.) Because she initially filed her complaint more than ninety days after the EEOC issued its right-to-sue letter, Cognizant moves to dismiss her Title VII claim, the sole claim in her amended complaint, as time-barred under Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss under Rule 12(b)(6), a complaint must meet the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

judicial notice of Ms. Reed's EEOC complaint and the right-to-sue letter she was issued.

### III. DISCUSSION

Cognizant argues that Ms. Reed's Title VII claim must be dismissed because her complaint was not filed within ninety days of receiving the EEOC's right-to-sue letter. (Doc. 8 at 3-4.) As noted, Ms. Reed did not respond to Cognizant's motion, which permits the Court to summarily grant it. *See* LRCiv 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). While the Court will not do such a thing here, Ms. Reed's amended complaint will nevertheless be dismissed.

Because an untimely claim is not cognizable, its dismissal is required under Rule 12(b)(6). *See Hoover v. Swift Transportation Co.*, No. CV-18-03314-PHX-JAT, 2019 WL 6135122, at *2 (D. Ariz. Nov. 19, 2019) (discussing dismissal under this Rule "when it is clear from the face of the complaint that a plaintiff's claims fall outside the applicable statute of limitations"); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Ms. Reed was required to file her complaint within ninety days of receiving notice of the EEOC's decision to dismiss her claim. *Surrell v. California Water Service Co*, 518 F.3d 1097, 1104 (9th Cir. 2008) ("Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit." (citing 42 U.S.C § 2000e-5(f)(1)); *see also Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) ("This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." (internal and external citation omitted)).

Here, both parties assume, without explicitly stating, that Ms. Reed received the right-to-sue letter on the same day it issued, which was September 10, 2019. Accepting the undisputed fact that she received the letter on this day, the Court finds that her Title VII claim, brought one-hundred-and-twenty-one days later, is untimely. *Cf. Surrell*, 518 F.3d at 1104.

Notwithstanding her claim's untimeliness, however, and without challenging the due date for bringing it, Ms. Reed unpersuasively requests that the Court simply alter when

her complaint was filed to make it timely. (Doc. 16 at 1.) She argues this is appropriate because the United States Postal Service ("USPS") made it untimely by returning her first attempted submission by mail as undeliverable because it was incorrectly addressed.[2] (*Id.* at 1, 10.) As Cognizant notes, Ms. Reed essentially asks the Court to equitably toll the ninety-day statute of limitations.[3] (Doc. 14 at 2.) But Cognizant makes clear precisely why this is inappropriate. (*See* Doc. 17 at 2-5.) It argues that Ms. Reed has not diligently pursued her claim, precluding the equitable tolling doctrine's application, because she (1) signed and dated the complaint on December 8, 2019, the eighty-ninth day after she received notice of her right-to-sue; (2) incorrectly addressed the envelope containing her complaint when she eventually mailed her complaint; and (3) inquired about the whereabouts of her incorrectly addressed mail on January 6, 2020, also over ninety days after receiving the right-to-sue letter. (*Id.*) These things, Cognizant argues, show that Ms. Reed did not diligently pursue her claim. The Court agrees.

Because Ms. Reed did not diligently pursue her Title VII claim, the Court will not adjust when she filed her complaint to make it timely. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles [such as equitable tolling] to excuse that lack of diligence."); *see also Hoover*, 2019 WL 6135122, at *2 ("The doctrine of equitable tolling may afford relief to an untimely filer, but 'only sparingly' and not if 'the claimant failed to exercise due diligence in preserving [her] legal rights.'" (quoting *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990)). Signing a complaint that still had to be mailed on the eve of its due date, incorrectly addressing the envelope it was mailed in, and inquiring about the USPS's failure to deliver incorrectly addressed mail almost a month after the ninety-day filing deadline expired does

---

[2] More specifically, Ms. Reed initially mailed her complaint to "United States District Court Arizona 401 W. Washington St. *Ste 410*," not "Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, *Suite 130 SPC 1*." That mail was marked by the USPS as undeliverable on December 31, 2019.

[3] As held by the Ninth Circuit, "[t]he ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling." *Nelmida*, 112 F.3d at 384 (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)).

not show diligent pursuit.[4] As a result, the Court refuses to apply the doctrine of equitable tolling to save Ms. Reed's untimely claim, and her amended complaint will be dismissed without leave to amend because subsequent amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*, *e.g.*, *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

### IV. CONCLUSION

Notwithstanding that Ms. Reed does not oppose Cognizant's motion, which permits the Court to summarily grant it, her Title VII claim is time-barred because she filed her complaint over ninety-days after the EEOC notified her of her right-to-sue. Since she failed to diligently pursue her claim after that, the Court will not apply the equitable tolling doctrine to save it. Thus, because the claim was not brought within the prescribed statute of limitations and equitable tolling does not apply, Ms. Reed's first amended complaint will be dismissed without leave to amend.

Accordingly,

**IT IS ORDERED DENYING** Ms. Reed's Amended Motion to Change File Date, (Doc. 16);

**IT IS FURTHER ORDERED GRANTING** Defendant Cognizant Technology Solutions' Motion to Dismiss Plaintiff Yvonne Reed's First Amended Complaint, (Doc. 8). Ms. Reed's Amended Complaint, (Doc. 7), is dismissed with prejudice;

**IT IS LAST ORDERED DIRECTING** the Clerk of Court to terminate this case.

Dated this 15th day of June, 2020.

Honorable Susan M. Brnovich
United States District Judge

---

[4] The Court also notes that nothing in Ms. Reed's amended complaint would permit her to prove that the statute of limitations was tolled or that her claim was otherwise timely brought. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995).